IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA

v.  CRIMINAL NO. 3:18cr209-DCB-LRA

CHRISTIAN MITCHEL MONDRAGON GONZALES

## PRELIMINARY ORDER OF FORFEITURE

Before the Court is the United States of America's Motion for a Final Order of Forfeiture [ECF No. 36], made pursuant to Defendant **CHRISTIAN MITCHEL MONDRAGON GONZALES'** October 1, 2019, guilty plea to the Superseding Indictment [ECF No. 23] charging him with possessing a firearm while unlawfully present in the United States. The Court finds the motion is well taken and should be granted. Accordingly, it is

HEREBY ORDERED THAT:

1. As a result of the guilty plea to the Superseding Indictment, for which the United States of America sought forfeiture pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c), Defendant **MONDRAGON GONZALES** shall forfeit to the United States all property involved in or traceable to property involved in the offense.

2. Based on the evidence set forth during the plea colloquy, specifically that Defendant **MONDRAGON GONZALES** knowingly possessed a firearm that had been transported in interstate or foreign commerce in violation of 18 U.S.C. §§ 922(g)(5)(A) and 924(a)(2), and the allegations included in the United States' motion for preliminary order of forfeiture, the Court finds that a **Smith and Wesson, 9mm pistol, SN: HFZ1375, and any ammunition** ("Subject Property") is subject to forfeiture under 18 U.S.C. § 924(d)(1), 28 U.S.C. § 2461(c), and Rule 32.2 of the Federal Rules of Criminal Procedure; that the defendant has an

interest in such property; and that the United States has established the requisite nexus between such property and the offense to which the defendant pleaded guilty. Therefore, the Court finds that the **Smith and Wesson, 9mm pistol, SN: HFZ1375, and any ammunition** shall be forfeited to the United States.

3. The United States may conduct any discovery it considers necessary to identify, locate, or dispose of the property subject to forfeiture.

4. The United States shall publish notice of the order and its intent to dispose of the property in such a manner as the United States Attorney General may direct. The United States shall also, to the extent practicable, provide written notice to any person known to have an alleged interest in the Subject Property. Fed. R. Crim. P. Rule 32.2(b)(6).

5. Any person, other than the above named defendant, asserting a legal interest in the Subject Property may, within 30 days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his alleged interest in the Subject Property, and for an amendment of the order of forfeiture, pursuant to 28 U.S.C. § 2461(c), which incorporates 21 U.S.C. § 853(n).

6. Pursuant to Rule 32.2(b)(4)(A) and (B) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture shall become final as to the defendant at the time of sentencing and shall be made part of the sentence and included in the judgment. If no third-party files a timely claim, this preliminary order of forfeiture shall become the final order of forfeiture, as provided by Rule 32.2(c)(2) of the Federal Rules of Criminal Procedure.

7. Any petition filed by a third-party asserting an interest in the Subject Property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the

petitioner's right, title, or interest in the Subject Property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Subject Property, any additional facts supporting the petitioner's claim and the relief sought.

8. After the disposition of any motion filed under Rule 32.2(c)(1)(A) of the Federal Rules of Criminal Procedure and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues. Fed. R. Crim. P. 32.2(c)(1)(B).

9. Regardless of any claimants, the United States may retain the **Smith and Wesson, 9mm pistol, SN: HFZ1375, and any ammunition** as necessary to be used as evidence in a separate criminal matter. Once no longer needed as evidence, the United States shall either return the **Smith and Wesson, 9mm pistol, SN: HFZ1375, and any ammunition** to a petitioner who has established his or her right, title, or interest in the firearm, or dispose of the **Smith and Wesson, 9mm pistol, SN: HFZ1375, and any ammunition** in accordance with law.

10. The United States shall have clear title to the Subject Property following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2), which is incorporated by 18 U.S.C. § 982(b), for the filing of third-party petitions.

11. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

SO ORDERED AND ADJUDGED this  6th  day of February, 2020.

                                              s/David Bramlette
                                              UNITED STATES DISTRICT JUDGE